**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ORTIZ OLIVA,<br><br>                Petitioner,<br><br>    v.<br><br>C. LEPE, Warden,[1]<br><br>                Respondent. | Case No. 5:25-cv-01492-JAK-RAO<br><br>ORDER DISMISSING PETITION |

On June 16, 2025, Petitioner Jorge Ortiz Oliva ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") Medium I in Victorville, California, and proceeding *pro se*—filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition claims that the BOP is improperly denying Petitioner earned time credits under the First Step Act ("FSA"). Pet. at 2. The Petition asks the Court to order the BOP to apply his FSA earned credits and direct that Petitioner be immediately released to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* at 8.

---

[1] The Petition names Eliseo Ricolcol as the Respondent. Currently, C. Lepe is the Warden at Victorville Medium I FCI, and is therefore substituted in as the proper Respondent. *See* Fed. R. Civ. P. 25(d).

On August 1, 2025, Respondent filed an Answer, along with a declaration of a BOP paralegal specialist and supporting exhibits. Dkt. Nos. 12, 12-1. The Answer contends that the Petition should be denied for failure to exhaust administrative remedies. Dkt. No. 12 at 2. Alternatively, Respondent contends that BOP acted within its statutory authority in excluding inmates subject to immigration detainers from earning credits under the FSA. *Id*. 4-8.

The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was no longer in BOP custody as of February 10, 2026. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 20, 2026). For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release from BOP's custody into ICE custody. Since the filing of the Petition, he has been released. Because Petitioner

has obtained the relief he sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *Peneueta v. Ricolcol*, No. 2:23-cv-6361, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)). Accordingly, his Petition is now moot.

For the foregoing reasons, the Petition is dismissed without prejudice.

DATED: February 23, 2026

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

3